Eric C. Morris, State Bar No. 243425
Southern California Lawyers Group, PC
5861 Pine Avenue, Suite A1
Chino Hills, CA 91709
Telephone:     (909) 466-4400
Facsimile:     (909) 839-5004
emorris@lawsclg.com

Attorneys for Plaintiff,
SHELIA JACKSON-MURRAY,
individually and as a personal
representative of the Estate of
DAMON JACKSON, deceased.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELIA JACKSON-MURRAY, individually and as a personal representative of the Estate of DAMON JACKSON, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Unreasonable Search and Seizure— Detention and Arrest (42 U.S.C. §1983)**<br>2. **Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)**<br>3. **Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983)**<br>4. **Substantive Due Process—(42 U.S.C. § 1983)**<br>5. **Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)**<br>6. **False Arrest/ False Imprisonment**<br>7. **Battery (Wrongful Death)**<br>8. **Negligence (Wrongful Death)**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

## COMPLAINT FOR DAMAGES

COMES NOW, PLAINTIFF, SHELIA JACKSON-MURRAY, individually and as a personal representative of the Estate of DAMON JACKSON, deceased, (hereinafter, collectively, "PLAINTIFF(S)" and/or "DAMON JACKSON"), complain and allege against DEFENDANTS CITY OF LOS ANGELES ("CITY"), a public entity; LOS ANGELES POLICE DEPARTMENT, ("LAPD"), a public entity; and DOES 1 THROUGH 10, (hereinafter, collectively, "DEFENDANTS") inclusive, complain as follows.

## INTRODUCTION

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police beating and killing of DAMON JACKSON, ("DAMON JACKSON"), on August 3, 2014.

2.     Defendants DOES 1-10 ("DOE OFFICERS") proximately caused DAMON JACKSON's and Plaintiff's injuries by brutally beating and killing DAMON JACKSON, by integrally participating or failing to intervene in the killing, and by engaging in other acts and/ or omissions around the time of the beating that resulted in his death. Defendants DOE OFFICERS are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

3.     Defendants CITY OF LOS ANGELES ("CITY") and DOES 6-10 also proximately caused DAMON JACKSON's and Plaintiff's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

4.     The policies and customs behind killings of civilians such as DAMON JACKSON are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for the killing of DAMON JACKSON and to challenge the LAPD and CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## PARTIES

5.     At all relevant times, DAMON JACKSON was an individual residing in the

COUNTY OF LOS ANGELES, California.

6.     Plaintiff SHELIA JACKSON-MURRAY, individually and as a personal representative of the Estate of DECEDENT DAMON JACKSON resides in the COUNTY OF LOS ANGELES California and is the biological Mother of her natural born son, DAMON JACKSON.  SHELIA JACKSON-MURRAY sues in her individual capacity as the mother of DAMON JACKSON and in a representative capacity as a successor-in-interest to DAMON JACKSON pursuant to California Code of Civil Procedure § 377.60(a). SHELIA JACKSON-MURRAY sues individually and as a personal representative of the estate of DAMON JACKSON, under federal and state law.

7.     Defendants DOE OFFICERS are police officers for the LOS ANGELES POLICE DEPARTMENT ("LAPD"). DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the LAPD. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

8.     Defendants DOES 6-8 are supervisorial officers for the LAPD who were acting under color of law within the course and scope of their duties as police officers for the LAPD. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

9.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the LAPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LAPD. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.     On information and belief, DOES 1-10 were residents of the county of Los Angeles.

11.     Defendant, LOS ANGELES POLICE DEPARTMENT (hereinafter, "LAPD") is, and at all relevant times was the law enforcement arm for LOS ANGELES CITY, duly organized, existing and operating under and by virtue of the laws of the State of California. LOS ANGELES CITY operated and controlled, and contracted with, the LOS ANGELES POLICE DEPARTMENT to provide its police force which was directly responsible for the acts alleged

COMPLAINT FOR DAMAGES

1    herein.

2        12.    At all relevant times, Defendant CITY is and was a duly organized public entity,

3    form unknown, existing under the laws of the State of California. CITY is a chartered subdivision

4    of the State of California with the capacity to be sued. CITY is responsible for the actions,

5    omissions, policies, procedures, practices, and customs of its various agents and agencies,

6    including the LAPD and its agents and employees. At all relevant times, Defendant CITY was

7    responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of

8    the LAPD and its employees and agents complied with the laws of the United States and of the

9    State of California. At all relevant times, CITY and LAPD was the employer of Defendant DOE

10   OFFICERS.

11       13.    In doing the acts and failing and omitting to act as hereinafter described,

12   Defendants DOE OFFICERS were acting on the implied and actual permission and consent of

13   supervisory Defendants DOES 6-10.

14       14.    In doing the acts and failing and omitting to act as hereinafter described,

15   Defendants DOES 1-10 were acting on the implied and actual permission and consent of the

16   CITY.

17       15.    The true names and capacities, whether individual, corporate, association or

18   otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these

19   Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the

20   true names and capacity of these Defendants when they have been ascertained. Each of the

21   fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged

22   herein.

23       16.    At all times mentioned herein, each and every Defendant was the agent of each and

24   every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and

25   employment of each and every Defendant.

26       17.    All of the acts complained of herein by Plaintiff against Defendants were done and

27   performed by said Defendants by and through their authorized agents, servants, and/or employees,

28   all of whom at all relevant times herein were acting within the course, purpose, and scope of said

4

COMPLAINT FOR DAMAGES

agency, service, and/or employment capacity. Moreover, Defendants and its agents ratified all of the acts complained of herein.

18.　　All Defendants who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the LAPD.

19.　　DAMON JACKSON died as a direct and proximate result of the actions of Defendants DOE OFFICERS. Defendants DOE OFFICERS are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

20.　　Defendants CITY and DOES 6-10 are liable for Plaintiff's injuries under California law and under the doctrine of respondeat superior. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

21.　　On January 29, 2014, Plaintiff filed comprehensive and timely claims for damages with the CITY OF LOS ANGELES pursuant to applicable sections of the California Government Code. Shortly thereafter, the CITY OF LOS ANGELES denied said claims by operation of law.

## JURISDICTCION AND VENUE

22.　　This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

23.　　Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Los Angeles, California and Defendants reside in the City of Los Angeles.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

24.　　Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

25.　　DAMON JACKSON, decedent, sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was beaten by DOE OFFICERS, on-duty police officers for the LAPD, who were acting under color of law and as employees of the

COMPLAINT FOR DAMAGES

1    LAPD. Defendants DOES 1-10, inclusive, integrally participated in or failed to intervene in the

2    beating and killing.

3           26.    Plaintiff is informed and believes and thereon alleges, on or about August 3, 2014,

4    Defendants DOE OFFICERS approached DAMON JACKSON at 9:30 a.m. near the intersection

5    of Central Avenue and Olympic Boulevard. LAPD DOE OFFICERS escorted DAMON

6    JACKSON off of an MTA Bus. DAMON JACKSON is a diagnosed schizophrenic. Officers at the

7    scene were confused as to how to deal with DAMON JACKSON because they had not received

8    any training on handling mentally disabled individuals. Officers on the scene determined DAMON

9    JACKSON was unarmed. At all times mentioned herein, DAMON JACKSON was unarmed.

10   Defendants DOE OFFICERS proceeded to beat DAMON JACKSON mercilessly, without

11   provocation. At the time of the beating, DAMON JACKSON was not engaged in any assaultive

12   behavior towards any defendant or any other person or persons. DAMON JACKSON posed no

13   threat of imminent harm to anyone. In fact, he was pleading with the officers not to beat him. The

14   beating of DAMON JACKSON was entirely unjustified and constituted and unreasonable and

15   excessive use of force.

16          27.    Plaintiff is informed and believes and thereon alleges, DOE OFFICERS punched

17   DAMON JACKSON, with strategic, precise, force-driven kill punches to the chest and adams

18   apple or larynx, breaking his trachea, thus making it difficult for DAMON JACKSON to breathe,

19   and ultimately said punches were designed to cause asphyxiation. DAMON JACKSON pled with

20   DOE OFFICERS, notifying officers that he couldn't breathe, and asked for immediate medical

21   help. DOE OFFICERS saw DAMON JACKSON lying on the ground grasping for oxygen. It was

22   obvious to DOE OFFICERS that DAMON JACKSON needed immediate medical attention for his

23   life threatening injuries. Instead of helping DAMON JACKSON with CPR and/or trying to

24   summon immediate medical aid, DOE OFFICERS, and each of them, continued to sadistically

25   beat DAMON JACKSON mercilessly, as he lay in his own pool of blood, causing further

26   unnecessary injuries and ultimately resulted in DOE OFFICERS killing of DAMON JACKSON,

27   while in their custody .

28          28.    Plaintiff is informed and believes and thereon alleges, DEFENDANTS' killing of

DAMON JACKSON was captured on video by multiple business surveillance cameras, civilian bystanders, and children's cell phone cameras. DAMON JACKSON was ambushed, beaten and killed without provocation and without breaking any laws. DAMON JACKSON was unarmed and in the process of patronizing the MTA public bus transit. At no time was he ever a threat to any persons or entities, including DOE OFFICERS. DOE OFFICERS failed to announce they were law enforcement and failed to announce commands prior to beating DAMON JACKSON. DAMON JACKSON collapsed to the ground only yards from the bus. As he lay mortally wounded on the ground, DOE OFFICERS surrounded and handcuffed DAMON JACKSON as he lay helpless, massively bleeding on the pavement. DOE OFFICERS, unprovoked, continued to beat DAMON JACKSON upon his upper body mercilessly, causing multiple severe injuries and extreme physical and emotional pain and suffering, including breaking multiple ribs, breaking his upper back, breaking his collarbone, breaking his sternum, and puncturing his left lung, which filled with blood, among other caused injuries, all while he was defenseless. DOE OFFICERS caused DAMON JACKSON'S unjustifiable homicide.

29.    PLAINTIFF is informed and believes and thereon alleges, DOE OFFICERS recklessly and intentionally beat DAMON JACKSON in a deliberate indifference to his safety and constitutional rights in a manner that shocks the conscience.

30.    In further violation of all peace officer standards and training, upon information and belief, DEFENDANTS, acting by and through DOE OFFICERS, came onto the scene intending to ambush and harm DAMON JACKSON by beating and killing him. Without warning or justification and without any perceived or real threat to themselves or other members of the community, and in a complete failure to adhere to all policies and training within the DEFENDANTS' formally adopted policies and procedures, DOE OFFICERS illegally, intentionally and/or negligently beat upon DAMON JACKSON, permanently wounding and ultimately killing him as described herein. Without warning, or announcing, DEFENDANTS, by and through the DOE OFFICERS, themselves chose to use lethal force upon DAMON JACKSON, or ordered or permitted such excessive use of force, by beating him, while he was defenseless, causing DAMON JACKSON'S unjustifiable homicide.

COMPLAINT FOR DAMAGES

31.     On information and belief, the DEFENDANTS, acting by and through DOE OFFICERS, failed to render medical aid after the killing. After the beating, DAMON JACKSON was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. DEFENDANTS, acting by and through DOE OFFICERS, did not timely summon medical care or permit medical personnel to treat DAMON JACKSON.  The DOE OFFICERS "staged" the paramedics, and even physically blocked the walking path of paramedic officials on scene, intentionally prohibiting them from administering possible life saving medical aid to DAMON JACKSON, intentionally ensuring DAMON JACKSON would "bleed out" and die. The delay of medical care to DAMON JACKSON caused DAMON JACKSON extreme physical and emotional pain and suffering, and was a contributing cause of DAMON JACKSON's death. Long after the killing, a paramedic examined DAMON JACKSON and found him unresponsive, without pulse, and not breathing. DAMON JACKSON was pronounced dead thereafter.

32.     The use of deadly force against DAMON JACKSON was excessive and objectively unreasonable under the circumstances, especially because DAMON JACKSON did not pose an immediate threat of death or serious bodily injury to anyone at the time of the killing.

33.     PLAINTIFF is informed and believes and thereon alleges, at the time of the killing, DEFENDANT was unarmed and was ambushed by DOE OFFICERS. DAMON JACKSON posed no imminent threat of death or physical injury to the officers present, or to anyone else. Consequently, the use of deadly force in this instance was unreasonable and excessive. DEFENDANTS acted with deliberate indifference to DAMON JACKSON'S health and safety and his constitutional rights in a manner that shocks the conscience.

34.     PLAINTIFF is informed and believes and thereon alleges, after the killing, DEFENDANTS recognized that they had killed an innocent man. DOES OFFICERS handcuffed DAMON JACKSON, tied a rope around his waist, and hog-tied his wrists to his ankles, resembling a medieval, sadistic torture technique, as DAMON JACKSON was clinging to life, grasping for much needed oxygen and immediate medical care, and DOES OFFICERS placed him in the back of a police car. To cover up this blatant misconduct, DOE OFFICERS, acting under color of authority, illegally without a warrant, confiscated cell phone videos and other videos from

1    bystander videographers of said killing.

2        35.    PLAINTIFF is informed and believes and thereon alleges, in the weeks following

3    the unwarranted fatal killing, DEFENDANTS conducted a five-month campaign of a cover-up,

4    including: intimidation of multiple witnesses to the incident and tampering with material evidence.

5        36.    PLAINTIFF is informed and believes and thereon alleges DEFENDANTS then

6    provided false statements about the incident, and upon information and belief, knowingly

7    generated false reports in an attempt to justify their unjustifiable homicide of DAMON JACKSON

8    despite their knowledge that he did nothing to justify or warrant the use of deadly force on his

9    person.

10       37.    The complete failure of said DOE OFFICERS to comport their conduct to and

11   comply with their training, resulted in and caused them to beat DAMON JACKSON with no

12   reason or justification, thereby causing his unjustified homicide. Accordingly, Plaintiff's damages

13   are valued far in excess of the jurisdictional limits of this Court.

14       38.    With respect to the state law claims that are presented herein, on December 20,

15   2014, counsel for PLAINTIFF timely presented and served via United States Postal Service One

16   Day Priority Mail, a government tort claim upon the LOS ANGELES POLICE DEPARTMENT's

17   Department and The CITY OF LOS ANGELES and the remaining entity DEFENDANTS which

18   were either affirmatively denied by all public entities, or denied by operation of law, and, as such,

19   this instant Complaint is timely filed thereafter.

20       39.    PLAINTIFF is informed and believes and thereon alleges, DAMON JACKSON

21   was a bright, extroverted, and intellectually curious man. He had friends from all walks of life. Not

22   surprisingly, DAMON JACKSON was very close to his parents, family and friends. His violent

23   and sudden death has been devastating to his parents, family and friends.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(All Plaintiffs Against Defendants DOE OFFICERS)

27       40.    Plaintiff repeats and realleges each and every allegation above of this Complaint

28   with the same force and effect as if fully set forth herein.

41.     When Defendants DOE OFFICERS, without provocation,   beat DAMON JACKSON in the chest and back and placed him in handcuffs, they violated DAMON JACKSON's right to be secure in his person against unreasonable searches and seizures as guaranteed to the DAMON JACKSON under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     Defendants DOE OFFICERS detained DAMON JACKSON without reasonable suspicion and arrested him without probable cause.

43.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAMON JACKSON and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

44.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DAMON JACKSON's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

45.     Plaintiff brings this claim in each case as successor-in-interest to the DAMON JACKSON and a representative of the estate of deceased DAMON JACKSON, and in each case seeks both survival and wrongful death damages for the violation of DAMON JACKSON's rights.

46.     Plaintiff also seeks attorney fees under this claim.

### SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(All Plaintiffs Against Defendants DOE OFFICERS)

47.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

48.     Defendants DOE OFFICERS' unjustified killing deprived DAMON JACKSON of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DAMON JACKSON under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.     The killing was excessive and unreasonable, especially because DAMON JACKSON posed no immediate threat of death or serious bodily injury at the time of the killing.

50.     As a result, DAMON JACKSON suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

51.     Defendants DOE OFFICERS' killing and use of force violated their training.

52.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DAMON JACKSON's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

53.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAMON JACKSON and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants DOE OFFICERS.

54.     Plaintiff brings this claim in each case as a successor in interest to DAMON JACKSON and a representative of the estate of deceased DAMON JACKSON, and in each case seeks both survival and wrongful death damages for the violation of DAMON JACKSON's rights.

55.     Plaintiff claims funeral and burial expenses and a loss of financial support. Plaintiff also seeks attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)

(All Plaintiffs Against Defendants DOE OFFICERS)

56.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

57.     The denial of medical care by Defendants DOE OFFICERS deprived DAMON JACKSON of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DAMON JACKSON under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

58.     As a result, DAMON JACKSON suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DAMON JACKSON, and will continue to be so deprived for the remainder of their natural lives. Plaintiff is

also claiming funeral and burial expenses and a loss of financial support.

59.     Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DAMON JACKSON could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DAMON JACKSON great bodily harm and death.

60.     The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAMON JACKSON and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

61.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DAMON JACKSON's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

62.     Plaintiff brings this claim in each case as a successor-in-interest to DAMON JACKSON  and a representative of the estate of deceased DAMON JACKSON, and in each case seeks both survival and wrongful death damages for the violation of DAMON JACKSON's rights.

63.     Plaintiff also seeks attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(All Plaintiffs Against Defendants DOE OFFICERS)

64.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

65.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their son DAMON JACKSON.

66.     The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DAMON JACKSON and Plaintiff, and with purpose to harm unrelated to any legitimate

law enforcement objective.

67.     DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with DAMON JACKSON.

68.     As a direct and proximate cause of the acts of DOE OFFICERS, DAMON JACKSON experienced severe pain and suffering and lost his life and earning capacity.

69.     Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DAMON JACKSON, and will continue to be so deprived for the remainder of their natural lives. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

70.     The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAMON JACKSON and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

71.     Plaintiff brings this claim in each case individually and as a successor-in-interest to DAMON JACKSON  and a representative of the estate of deceased DAMON JACKSON, and in each case seeks both survival and wrongful death damages for the violation of DAMON JACKSON's rights.

72.     Plaintiff also seeks attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(All Plaintiffs Against Defendants CITY and DOES 6-10)

73.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

74.     On information and belief, Defendants DOE OFFICERS' unjustified killing of DAMON JACKSON was found to be within LAPD policy.

75.     On information and belief, Defendants DOE OFFICERS' unjustified killing of DAMON JACKSON was ratified by LAPD supervisorial officers.

76.     On information and belief, Defendants DOE OFFICERS were not disciplined for

1   the unjustified killing DAMON JACKSON.

2       77.     On and for some time prior to August 3, 2014 (and continuing to the present date),

3   Defendants CITY and DOES 6-10, acting with gross negligence and with reckless and deliberate

4   indifference to the rights and liberties of the public in general, and of Plaintiff and DAMON

5   JACKSON, and of persons in their class, situation and comparable position in particular,

6   knowingly maintained, enforced and applied an official recognized custom, policy, and practice

7   of:

8           a.    employing and retaining as police officers and other personnel, including

9                 DOE OFFICERS, whom Defendants CITY and DOES 6-10 at all times

10                material herein knew or reasonably should have known had dangerous

11                propensities for abusing their authority and for mistreating citizens by

12                failing to follow written LAPD policies, including the use of excessive

13                force;

14          b.    inadequately supervising, training, controlling, assigning, and disciplining

15                CITY police officers and other personnel, including DOE OFFICERS,

16                whom Defendants CITY and DOES 6-10 knew or in the exercise of

17                reasonable care should have known had the aforementioned propensities

18                and character traits, including the propensity for violence and the use of

19                excessive force;

20          c.    maintaining grossly inadequate procedures for reporting, supervising,

21                investigating, reviewing, disciplining and controlling the intentional

22                misconduct by Defendants DOE OFFICERS, who are police officers and/or

23                agents of CITY;

24          d.    failing to discipline CITY police officers' and/or agents' conduct, including

25                but not limited to, unlawful detention and excessive force;

26          e.    ratifying the intentional misconduct of DOE OFFICERS and other police

27                officers and/ or agents, who are police officers and/or agents of CITY;

28          f.    having and maintaining an unconstitutional policy, custom, and practice of

---

14

COMPLAINT FOR DAMAGES

detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants CITY and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights; and

g.      failing to properly investigate claims of unlawful detention and excessive force by CITY police officers.

78.     The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases in which a jury has found force used by a Police Officer working for the LOS ANGELES POLICE DEPARTMENT to be excessive and unreasonable. By reason of the aforementioned policies and practices of Defendants CITY and DOES 6-10, DAMON JACKSON was severely injured and subjected to pain and suffering and lost his life.

79.     Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DAMON JACKSON, Plaintiff, and other individuals similarly situated.

80.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DAMON JACKSON and for DAMON JACKSON's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DAMON JACKSON and Plaintiff.

81.     The actions of each of Defendants DOES 6-10 were willful, wanton, oppressive,

malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6-10.

82.     By reason of the aforementioned acts and omissions of Defendants CITY and DOES 6-10, Plaintiff was caused to incur funeral and related burial expenses, and loss of financial support.

83.     By reason of the aforementioned acts and omissions of Defendants CITY and DOES 6-10, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

84.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

85.     Plaintiff seeks both wrongful death damages and survival damages under this claim.

86.     Plaintiff also seeks attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment**

(All Plaintiffs Against All Defendants)

87.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

88.     Defendants DOE OFFICERS, while working as police officers for the LAPD and acting within the course and scope of their duties, intentionally deprived DAMON JACKSON of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS detained DAMON JACKSON without reasonable suspicion and arrested him without probable cause.

89.     DAMON JACKSON did not knowingly or voluntarily consent.

90.     The conduct of DOE OFFICERS was a substantial factor in causing the harm to DAMON JACKSON.

91.     Defendant CITY is vicariously liable for the wrongful acts of Defendants DOE

COMPLAINT FOR DAMAGES

OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DAMON JACKSON, entitling Plaintiff to an award of exemplary and punitive damages.

93.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DAMON JACKSON's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

94.     Plaintiff brings this claim in each case as a successor-in-interest to DAMON JACKSON, and in each case seeks both survival and wrongful death damages for the violation of DAMON JACKSON's rights.

95.     Plaintiff also seeks attorney fees under this claim.

### SEVENTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death)**

(All Plaintiffs Against All Defendants)

96.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

97.     DOE OFFICERS, while working as police officers for the LAPD, and acting within the course and scope of their duties, intentionally beat DAMON JACKSON multiple times. As a result of the actions of DOE OFFICERS, DAMON JACKSON suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity. DOE OFFICERS had no legal justification for using force against DAMON JACKSON, and said Defendants' use of force while carrying out their duties as police officers was an unreasonable use of force.

98.     As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, Plaintiff and DAMON JACKSON suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff also has been deprived of the life-long love,

companionship, comfort, support, society, care and sustenance of DAMON JACKSON, and will continue to be so deprived for the remainder of their natural lives.

99.     Defendants DOES 6-10, inclusive, are directly liable and responsible for the acts of Defendants DOE OFFICERS because DOES 6-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendants DOE OFFICERS in the exercise of their unlawful use of excessive and lethal force.

100.     The CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

101.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DAMON JACKSON, entitling Plaintiff, in each case individually and as a successor-in-interest to DAMON JACKSON, to an award of exemplary and punitive damages as to Defendants DOES 1-10.

102.     Plaintiff brings this claim in each case as a successor-in-interest to DAMON JACKSON, and in each case seeks both survival and wrongful death damages for the violation of DAMON JACKSON's rights.

103.     Plaintiff is claiming funeral and burial expenses and a loss of financial support.

104.     Plaintiff also seeks attorney fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death)

(All Plaintiffs Against All Defendants)

105.     Plaintiff repeats and realleges each and every allegation above of this Complaint with the same force and effect as if fully set forth herein.

106.     The actions and inactions of Defendants were negligent and reckless, including but not limited to:

a.     the failure to properly and adequately assess the need to detain, arrest, and

COMPLAINT FOR DAMAGES

1       use force or deadly force against DAMON JACKSON;

2           b.      the negligent tactics and handling of the situation with DAMON

3       JACKSON, including pre-killing negligence;

4           c.      the negligent detention, arrest, and use of force, including deadly force,

5       against DAMON JACKSON;

6           d.      the failure to provide prompt medical care to DAMON JACKSON;

7           e.      the failure to properly train and supervise employees, both professional and

8       non-professional, including DOE OFFICERS;

9           f.      the failure to ensure that adequate numbers of employees with appropriate

10      education and training were available to meet the needs of and protect the

11      rights of DAMON JACKSON.

12          107.   As a direct and proximate result of Defendants' conduct as alleged above, and other

13      undiscovered negligent conduct, DAMON JACKSON was caused to suffer severe pain and

14      suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of

15      Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and

16      pain and have been injured in mind and body. Plaintiff also has been deprived of the life-long

17      love, companionship, comfort, support, society, care and sustenance of DAMON JACKSON, and

18      will continue to be so deprived for the remainder of their natural lives.

19          108.   The CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10

20      pursuant to section 815.2(a) of the California Government Code, which provides that a public

21      entity is liable for the injuries caused by its employees within the scope of the employment if the

22      employee's act would subject him or her to liability.

23          109.   The conduct of Defendants DOES 1-10 was malicious, wanton, oppressive, and

24      accomplished with a conscious disregard for the rights of Plaintiff and DAMON JACKSON,

25      entitling Plaintiff, individually and as successors-in-interest to DAMON JACKSON, to an award

26      of exemplary and punitive damages as to individual Defendants DOES 1-10.

27          110.   Plaintiff brings this claim in each case as successor-in-interest to the DAMON

28      JACKSON, and in each case seek both survival and wrongful death damages for the violation of

1    DAMON JACKSON's rights.

2        111.   Plaintiff is claiming funeral and burial expenses and a loss of financial support.

3        112.   Plaintiff also seeks attorney fees under this claim.

4    **<u>PRAYER FOR RELIEF</u>**

5        Plaintiff requests entry of judgment in their favor and against Defendants and Does 1-10,

6    inclusive, as follows:

7        A.   For compensatory damages, including both survival damages and wrongful death

8            damages under federal and state law, in the amount to be proven at trial;

9        B.   For funeral and burial expenses, and loss of financial support;

10       C.   For punitive damages against the individual defendants in an amount to be proven

11           at trial;

12       D.   For interest;

13       E.   For reasonable costs of this suit and attorneys' fees; and

14       F.   For such further other relief as the Court may deem just, proper, and appropriate.

15

16   DATED:  August 2,  2015          Southern California Lawyers Group, PC

17

18                By:  __/s/ Eric Morris_____

19                Eric Morris, Esq.
             Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

2                              **PRAYER FOR JURY TRIAL**

3              Plaintiff respectfully requests that the present matter be set for jury trial.

4

5    DATED:   August 2,  2015                    Southern California Lawyers Group, PC

6

7                                               By:  __/s/ Eric Morris_____
                                                Eric Morris, Esq.
8                                               Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES